## United States Bankruptcy Court
### District of New Jersey

| | |
|---|---|
| In re   Lavinia B. Zavala<br>*[Set forth here all names including married, maiden and Trade names used by debtor within last 8 years]*<br><br>Debtor<br><br>Address 15 Edison Lane Willingboro, NJ<br><br>Last four digits of Social Security or Individual Tax-payer identification (ITIN) No.(s)., (if any): __1883__<br><br>Employer's Tax Identification (EIN) No(s). (if any):_____ | Case No.<br>17-26882-CMG<br><br>Chapter<br>13 |

### NOTICE OF OBJECTION TO CONFIRMATION OF DEBTORS PLAN

Barry Matthews has filed papers with the court to object to the confirmation of Debtors Plan

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to [relief sought in motion or objection]. Or if you want the court to consider your views on the objection, then on or before November 7, 2017. You or your attorney must:

File with the court a written request for a hearing *{or, if the court requires a written response*, an answer, explaining your position at:  420 East State Street, Trenton, NJ 08650-4853

If you mail your {request} {response} to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to: Andrew J. Karcich, 1000 White Horse Road, Suite 703, Voorhees, NJ 08043

Attend the hearing scheduled to be held on November 15, 2017. At 9 a.m. in Courtroom 3, United States Bankruptcy Court, 402 East State Street, Trenton, N.J. 08608.

[Other steps required to oppose a motion or objection under local rule or court order.]

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: __10/9/17__                            Signature: _____

                                              Name: __Andrew J. Karcich, Esquire__
                                                         __NJ Attorney ID 011431976__

                                              Address: __1000 White Horse Road, Suite 703__
                                                            __Voorhees, NJ 08043__

# United States Bankruptcy Court
## District of New Jersey

| | |
|---|---|
| In re   Lavinia B. Zavala<br>*[Set forth here all names including married, maiden and Trade names used by debtor within last 8 years]*<br><br>Debtor<br><br>Address 15 Edison Lane Willingboro, NJ 08046<br><br>Last four digits of Social Security or Individual Tax-payer identification (ITIN) No.(s)., (if any): ___1883___<br><br>Employer's Tax Identification (EIN) No(s). (if any):_____ | Case No.<br>17-26882-CMG<br><br>Chapter<br>13 |

## OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN

Barry Matthews and Barry Matthews as Administrator of the Estate of Edward Day Matthews (jointly the "Barry Matthews Parties") objects to the confirmation of Debtor's Chapter 13 Plan for the following reasons:

1. On this day Barry Matthews filed with the Court an Adversary Complaint objecting to the discharge of Debtor's debts to the him and the Estate of Edward Day Matthews under Sections 523(a)(2) and 523(a)(4). A copy of the Complaint is attached hereto as Exhibit "A."

2. The Debtor's Plan does not provide for payment of debts to the Barry Matthews Parties.

3. Debtor's Plan is not proposed in good faith and is only proposed to delay payment of the non-dischargeable debts to the Barry Matthews Parties.

4. If Debtor's Plan is confirmed and if the debts of the Barry Matthews Parties are determined to be non-dischargeable the Barry Matthews Parties may have to wait until after the is completed to begin collection of the non-dischargeable debts.

5. Until the Adversary matter is resolved it is premature to confirm Debtors Plan.

6. Debtor will not be prejudiced in delaying the confirmation of her plan until after the dischargeability of her debts to the Barry Matthews Parties is decided by the Court.

LYNCH & KARCICH, LLC

_____
Andrew J. Karcich ID 011431976
Attorney for Plaintiff
1000 White Horse Road
Suite 703
Voorhees, NJ 08043
(856) 309-0200

Dated: 10/9/17

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Andrew J. Karcich, ID 011431976
Lynch & Karcich, LLC
1000 White Horse Road
Suite 703
Voorhees, NJ 08043
(856) 309-0200
akarcich@lkylaw.com
Attorneys for Plaintiff, Barry Matthews and
Barry Matthews as Administrator of the Estate of Edward Day Matthews

---

In Re:

LAVINIA B. ZAVALA,

Debtor.

BARRY MATTHEWS AND
BARRY MATTEWS AS ADMINISTRATOR
FOR THE ESTATE OF EDWARD
DAY MATTHEWS

    Plaintiffs,

v.

LAVINIA B. ZAVALA and
RLI INSURANCE COMPANY

    Defendants.

Chapter 13

Case No.: 17-26882-CMB
Adv. No.:

---

**AVERSARY COMPLAINT**

---

Plaintiff, Barry Matthews, as Administrator of the Estate of Edward Day Matthews and

Barry Matthews individually (hereinafter "Plaintiffs") by and through their counsel, Lynch &

Karcich, LLC, by way of adversary complaint against Defendant, Lavinia B. Zavala (hereinafter "Defendant Zavala") and RLI Insurance Company hereby avers and follows:

## AS TO ALL COUNTS

1. The debtor filed a Petition under Chapter 13 of the United States Bankruptcy Code on August 20, 2017.

2. The deadline for Creditors to object to the dischargeability of Debtor's debt is November 20, 2017.

3. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334 and 28 U.S.C. Section 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

5. Venue is proper pursuant to 28 U.S.C. Section 1409(a).

## FIRST COUNT

6. Edward Matthews ("Decedent") departed this life on April 13, 2011.

7. Prior to his death he had divorced his wife Barbara Matthews.

8. The Decedent never remarried after the divorce.

9. At the time of his death, Decedent was survived by two children, to wit; Plaintiff, Barry Matthews and Defendant Zavala.

10. At the time of his death, the Decedent had legal title to various property both real, personal and in the nature of cash and accounts.

11. Upon Decedent's death Defendant Zavala converted to her own use all of Decedent's accounts and property both real and personal.

12. Upon information and belief Decedent died without a will.

13. In July of 2013, Defendant Zavala filed a false Affidavit with the Burlington County Surrogate's Court that she was the sole next of kin of Decedent. See Exhibit "A" attached so that she would be appointed Administratrix of the Estate of Decedent.

14. Upon filing Exhibit "A" with the Surrogate's Court, Defendant Zavala converted to her own use and retitled to her name two motor vehicles having an approximate value of $8,900.00.

15. Upon learning that Defendant Zavala had been appointed sole Administratrix of the Estate, on October 16, 2014, Barry Matthews allowed Defendant Zavala to be appointed Administrator of the Estate upon the promise of Defendant Zavala that she would honestly administer the Estate and account to Plaintiff for the assets and income of the Estate.

16. On October 17, 2014, Defendant Zavala applied for and received a bond securing the faithful performance of her duties as Administrator of the Estate from RLI Insurance Company ("RLI") in the amount of $84,443.50 under bond Number LSM0671739 ("Bond"). Upon information and belief the Bond is still in place.

17. The Decedent was the owner of a single family detached home at 39 Essex Lane Willingboro, New Jersey ("Property") at the time of his death.

18. The Property was fully furnished on the date of Decedent's Death.

19. Commencing on or about July of 2012 and continuing to the present Defendant Zavala rented the Property in a semi-furnished state to tenants and collected the rents.

20. The Property was rented to tenants from July of 2012 until August of 2016.

21. From April 13, 2011, Defendant Zavala has had sole and exclusive use, custody and control of the assets of the Estate.

22. From July 2012 to August of 2016, Defendant Zavala has collected all of the rents on the Property and converted said rent as her own property in the amount of $67,200.00.

23. Other assets of the estate converted to Defendant Zavala's use include two vehicles having a value of $8,887.00 and various cash accounts of $3,884.00.

24. Defendant Zavala was a fiduciary of the assets of the Estate and owed a fiduciary duty to Plaintiffs.

25. Defendant Zavala embezzled and converted to her own use all of the assets of the Estate.

26. Defendant Zavala has failed to file an accounting of the assets, income and expenses of the Estate as required by New Jersey Court Rule 4:87-1.

27. Defendant Zavala has wasted, embezzled and misappropriated the assets of the Estate.

28. Defendant Zavala has refused and neglected to file an inventory of the assets of the Estate and to render an accounting of the administration of the Estate after more than six years have passed since the Decedent's death with the intention of secreting these assets from Plaintiffs.

29. Defendant Zavala has breached her fiduciary duties to the Plaintiffs and has committed fraud and embezzlement in violation of 28 U.S.C. Section 523(a)(4).

30. By reason of the conduct of Defendant Zavala she was removed as Administratrix of the Estate by Order dated October 24, 2016 and Barry Matthews was appointed Administrator of the Estate.

31. The conduct of Defendant Zavala as aforesaid in this Count constitutes fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny and as such is non-dischargeable under Section 532(a)(4).

WHEREFORE, Plaintiffs, demands judgment against Defendant Zavala for the sum of $79,971.00 plus interest as well as all costs of suit and good and reasonable attorneys' fees, holding this debt to be non-dischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code and for such further relief as the Court may deem proper and just.

### SECOND COUNT

32. Plaintiffs hereby incorporate all of the allegations of the Complaint as previously stated as if the same were set forth herein at length.

33. While Defendant Zavala was collecting rents on the Property she failed to keep the Property insured, failed to pay the real estate taxes on the Property and failed to make mortgage payments on the Property.

34. The Property was mortgaged to Bayview Loan Servicing, LLC ("Bayview").

35. Because Defendant Zavala embezzled funds from the Estate she allowed the Property to go into foreclosure.

36. By reason of Defendant Zavala's conduct Bayview has obtained a Judgment of foreclosure in the amount $85,008.05.

37. Defendant Zavala's conduct herein constitutes fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

38. The foreclosure on the Property has caused damage to the Plaintiff in a yet undetermined amount.

WHEREFORE, Plaintiffs, demands judgment against Defendant Zavala for damages plus interest as well as all costs of suit and good and reasonable attorneys' fees, holding this debt to be non-dischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code and for such further relief as the Court may deem proper and just.

### THIRD COUNT

39. Plaintiffs hereby incorporate all of the allegations of the Complaint as previously stated as if the same were set forth herein at length.

40. Defendant Zavala's conduct constitutes obtaining money or property obtained by false pretenses, a false representation, or actual fraud in violation of Section 523(a)(2) of the Bankruptcy Code and the debts created thereby are not dischargeable.

WHEREFORE, Plaintiffs, demands judgment against Defendant Zavala for damages plus interest as well as all costs of suit and good and reasonable attorneys' fees, holding this debt to be non-dischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code and for such further relief as the Court may deem proper and just.

### FOURTH COUNT

41. Plaintiffs hereby incorporate all of the allegations of the Complaint as previously stated as if the same were set forth herein at length.

42. RLI is joined as a party to this matter as the Bond is surety to Plaintiffs for the fraud, embezzlement and breach of the fiduciary duties of Defendant up to the amount of the Bond.

43. If Defendant Zavala is discharged of her debt to Plaintiff's RLI may no longer be liable to Plaintiffs for Defendant Zavala's fraud and embezzlement.

44. Plaintiffs seek a declaratory judgment of this Court that RLI be held liable as surety to the Plaintiffs for the fraud and embezzlement of Defendant Zavala in the amount of the Bond.

WHEREFORE, Plaintiffs, demands judgment against Defendant Zavala for damages plus interest as well as all costs of suit and good and reasonable attorneys' fees, holding this debt to be non-dischargeable pursuant to Sections 523(a)(4) and 523(a)(2) of the Bankruptcy Code and for such further relief as the Court may deem proper and just and for a declaratory judgment that RLI as surety is liable to Plaintiffs in the amount of the Bond.

LYNCH & KARCICH, LLC

_____
Andrew J. Karcich
New Jersey ID 011431976
Attorney for Plaintiff

Dated: 10/9/17

# Exhibit "A"



### State of New Jersey
# Burlington County Surrogate's Court

Docket # 2013-1701

**AFFIDAVIT OF NEXT OF KIN**

In the Matter of the Estate of    EDWARD DAY MATTHEWS    , DECEASED

Applicant  LAVINIA ZAVALA
residing at  12 EDSON LANE    WILLINGBORO, NJ 08046

of full age, being sworn upon my oath according to law, deposes and says:

1. Decedent departed this life    April 13, 2011
2. Decedent resided at his death at    39 ESSEX LANE in WILLINGBORO TWP,
, County of Burlington and State of New Jersey.
3. The names, residences and relationship of the next of kin of said decedent are as follows:

| Name | Relationship | Residence | Minors Age |
|---|---|---|---|
| LAVINIA ZAVALA | DAUGHTER | WILLINGBORO, NJ 08046 | |

The real and personal estate of said decedent does not exceed in value the sum of ten thousand ($10,000.00) dollars consisting of assets of the following nature, value and location:

| Item | Account or I.D. # | Est. Value |
|---|---|---|
| 2003 TOYOTA COROLLA | 4 JTDBR 32E43 20139 79 | $3,885.00 |
| 2005 KIA AMANTI | KNALD 12475 50636 30 | $5,002.00 |

I have presented for filing the consent of all of said next of kin who have capacity to consent and am therefore entitled to said personal assets without Letters of Administration in accordance with N.J.S.A.3B: 10-4

Subscribed and sworn to this  22ND
day of  July
2013  , before me.

_Lavinia Zavala_
LAVINIA ZAVALA

_Chrissy Lamb_
CHRISSY LAMB    Probate Clerk    Form16 6-2011